Smith et al. *v.* Whittington.

[73 South. 785, Division A.]

Ejectment. *Pleading. Variance. Statute.*

The effect of section 1827, Code 1906, is to confine the plaintiff in ejectment to a recovery upon the title outlined in his bill of particulars and where plaintiffs in ejectment in their bill of particulars deraign title by inheritance from their father who it is claimed acquired title by adverse possession, they are confined to the title thus outlined, and cannot recover by showing a different title derived by inheritance from their mother.

Appeal from the circuit court of Franklin county.

Hon. R. E. Jackson, Judge.

Suit in ejectment by C. C. Smith and others against L. A. Whittington. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Theo McKnight*, for appellant.

The case of *Nowles.* v. *Hall*, 28 Mich. 274, has no application here, because appellants are not claiming under title arising after the commencement of this suit, as were the facts in the case cited.

If appellee desired to stand on the presumption in favor of his possession until appellants showed title, then he should have "said nothing."

Had appellee stood on this presumption and said nothing, then this case should have gone to the jury on the undisputed testimony contained in the direct examination of appellants' witnesses, for the jury to say whether this testimony was sufficient to establish the fact of adverse possession in W. C. Smith, the husband. But, appellee did not choose to stand on this presumption and say nothing and await the failure of proof of title by appellants. Rather than do this he undertook to confuse the court and jury by undertaking to show, that Mrs. Smith, the wife, who outlived the husband for some twenty years, was the one in possession, thus leaving this case, at its close, as shown by the record, in the court below, in an attitude which required the court below to give a peremptory instruction for the appellants.

To extricate himself from this position, he now, in this court, for the first time, says that he did not think about Mrs. Smith not being John Doe or a stranger, and did not realize that she was the mother under whom appellants claim. (Please see bill of Particulars.) And, this situation dawning upon him, he again says, for the first time, that it was not the purpose, intent and effect of the testimony brought out on cross-examination, to show title in Mrs. Smith, but simply to dispute title in Mr. Smith, without showing title in Mrs. Smith, he repudiates all responsibility for this proof, and says that it was not his proof, but the proof of the appellants. Now, it is most respect-

fully submitted, that if this was appellee's proof, then he is bound by it; and if it is appellants' proof, then appellee is bound by it because he brought it out himself, and without objection from himself. Appellants did, for a while, object to this testimony, but their objections were overruled, and when it appeared to their counsel that appellee was determined that they should take their land through their mother instead of through their father, the appellants then joined with the appellee in showing that the mother had title, which was done without objection by the appellee.

It is by the objection to testimony, alone, that error may be predicated upon the fact that testimony varies from the bill of particulars.

It follows, therefore, that from every standpoint, appellants were entitled to the benefit of the proof of title by adverse possession, in Mrs. A. J. Smith, from whom they claim (see bill of particulars) although they did not technically allege that she acquired by adverse possession.

A careful reading of appellee's bill of particulars will show this honorable court, that appellee sets up no title whatever to the land in dispute, yet he seeks by a strict and technical construction of the law governing bills of particulars, to withhold from the true owners, property to which he does not even set up title in his bill of particulars. He should be compelled to live up to the rule which he invokes.

*Whittington & McGehee,* for appellee

Appellants, having based their title and claim of right of possession of the land therein involved, on a title alleged to have been acquired by W. C. Smith by virtue of adverse possession and claim of ownership for the statutory period, must rest their title and right to recover on that allegation of title.

Counsel for appellants in seeking a reversal of the
judgment of the trial court in this cause, has entirely
abandoned the claim of title in W. C. Smith—and we
make this statement advisedly, for if he has not he
ought to say so, and not say to the contrary,—and here
now claims title to have been shown to be in Mrs. A.
J. Smith, and departing from his usual custom of
claiming everything by adverse possession, claims to
have proven title in Mrs. A. J. Smith as the sole owner
of the property, himself; for in his brief counsel argues
that ''under a strict construction of appellants' bill of
particulars, appellee might have objected to appellants
proving title by adverse possession in Mrs. A. J. Smith.
By this rather-a-disposition-to-claim-everything state-
ment counsel for appellants commits himself to the
truth of the following propositions, viz; (101) that title
to the property in question was proven to be in Mrs.
A. J. Smith and not W. C. Smith, and (2) that under
his bill of particulars he could not properly nor legally
prove title in Mrs. A. J. Smith and recover possession
of the property in this cause thru claim of title in her;
it follows, therefore, that counsel is committed to the
correctness and propriety of the judgment of the lower
court in refusing to permit or allow him to do that
which he could not do legally, and that the judgment
of the court was proper and ought to be affirmed; a
most remarkable commitment in view of the fact that
he now seeks to have the selfsame judgment here re-
versed and set aside.

Appellants, not having averred title in Mrs. A. J.
Smith solely, in their bill of particulars, cannot re-
cover on the strength of a title not declared therein.
Section 1827 of the Code of Mississippi, 1906; *Goforth,
et al.* v. *Stingily, et al.,* 30 So. 690. In the case cited
the court said: ''Defendants were presumed by law to
be in the rightful possession until the plaintiffs showed
title, and, until this was done, they need say nothing,
and plaintiffs could not, on the evidence they adduced,

travel outside the boundaries of the bill of particulars they did file.'' It was a complete defense to the claim of title asserted in W. C. Smith by the bill of particulars, for appellee to show, even by appellants' witnesses, that Mrs. A. J. Smith was in possession of the land and was actually occupying the same under deed of conveyance, at the very time it was alleged that W. C. Smith, without color of title, acquired title thereto by actual occupancy and possession thereof himself.

*E. H. Ratliff,* for appellee.

To state this case accurately, as shown by the record, is simply this. The plaintiffs claim title by adverse possession, acquired by W. C. Smith. Their right to recovery was based upon W. C. Smith's title by adverse possession. If they fail to show this, it ended the plaintiff's case. It was incumbent upon them to show title in W. C. Smith, not in someone else, and failure to show title in W. C. Smith, by adverse possession in accordance with their bill of particulars, was a failure to show a right of recovery, and there was nothing for the court below to do in such event but to give an instruction to find for the defendants, and this is true, though the defendant might not have had any title at all.

To hold now, after this question was raised for the first time in the supreme court, that the plaintiffs might shift their ground and claim under a different source of title from that pleaded, would be to deny the defendant his day in court and take his property without due process of law.

The case attempted to be now tried in the supreme court is a different case from that tried in the court below. A new chain of title and a new source of title, is set up in the supreme court from that which was set up in the court below and upon which the case was tried, and it is respectfully submitted that this is not

only in violation of law, but is unjust in that it deprives the defendant of the opportunity to meet this new chain of title introduced for the first time in the supreme court, and we respectfully submit that the judgment of the lower court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is a suit in ejectment wherein in the court below appellants were plaintiffs and appellee was defendant. In their bill of particulars or abstract of title filed pursuant of a demand therefor appellants deraign title through their father, W. C. Smith, who, they claim, acquired the land in controversy by adverse possession and died leaving his widow, the mother of appellants, now dead, and appellants as his only heirs at law. It appears beyond question from the cross-examination of the witnesses introduced by appellants that W. C. Smith acquired no title to the land by adverse possession, but that his wife, A. J. Smith, purchased it along with other lands from F. C. Huff, who put her in possession thereof, but failed to include it in the description of the land contained in the deed executed by him to her, she remaining in possession thereof claiming it as her own for more than ten years. In appellee's bill of particulars or abstract of title an attempt was made to deraign title to the land by *mesne* conveyances from Mrs. Smith, but the same error appears in the description of the land in the deed by which she parted with the title thereto as in that by which she acquired it. Appellants rested their case without then or thereafter requesting leave of the court to amend their bill of particulars to correspond with the proof. No evidence was introduced by appellee, but at his request that introduced by appellants was excluded, and the jury peremptorily instructed to find for him.

The contention of appellants is that it is immaterial whether title to the land was in their father or mother;

for they became the owners thereof by inheritance in
either case. This argument overlooks the effect of sec-
tion 1827 of the Code, which is to confine the plaintiff
in ejectment to a recovery upon the title outlined in
his bill of particulars.

*Affirmed.*